529 N.W.2d 471 (1995)
Neil V. WELSH, Respondent,
v.
TAKEKAWA IRON WORKS CO., LTD., Appellant,
v.
EVANS ROTORK, INC., et al., Defendants.
No. C0-94-1918.
Court of Appeals of Minnesota.
April 4, 1995.
*472 James R. Bettenburg, Dennis K. Kispert, Bettenburg Law Firm, St. Paul, for respondent.
Steven J. Muth, Louise A. Behrendt, Stich, Angell, Kreidler & Muth, Minneapolis, for appellant.
Lawrence R. King, Daniel J. Trudeau, King & Hatch, P.A., St. Paul, for defendants.
Considered and decided by NORTON, P.J., SCHUMACHER and MANSUR,[*] JJ.

OPINION
MARTIN J. MANSUR, Judge.
Appellant, a Japanese corporation, argues the district court erred by denying its motion to dismiss for lack of personal jurisdiction, contending it has insufficient Minnesota contacts to satisfy due process requirements. We agree and reverse.

FACTS
Respondent Neil Welsh, a Minnesota resident, was severely injured while using a ripsaw in the course of his employment. He initiated a personal injury suit against appellant Takekawa Iron Works, Co., Ltd., and defendants Evans Rotork, Inc. (Rotork) and Johnson Wood Products, Inc. Rotork admitted Takekawa designed, manufactured and shipped a rip-saw to Rotork in Arizona, and Rotork sold and shipped the saw to Johnson Wood Products in Minnesota. Johnson Wood Products then allegedly sold the saw to Hardwood Visuals, Inc., Welsh's employer.
Takekawa moved to dismiss for insufficient service of process and lack of personal jurisdiction. An affidavit signed by Welsh's attorney was submitted in opposition to the motion to dismiss.[1] It states that the attorney and others in his office contacted organizations in the industry and learned that (1) local dealers have a directory listing for Takekawa through a Miami, Florida, company, A.C. Sales, that has an 800 number by which *473 people throughout the United States can contact the company regarding Takekawa's saws and industrial equipment; (2) A.C. Sales does business through a Minnesota "dealer" located in Minneapolis; and (3) another Minneapolis company has occasionally sold and serviced used Takekawa saws.
Takekawa is a Japanese corporation that has never been incorporated in the United States or had offices, employees or agents in the United States. It does not own property or maintain stock of its products here. Its distributors are not Takekawa subsidiaries, and the distributors and Takekawa do not have common officers or directors or file joint tax returns. Takekawa does not have a distributor in Minnesota, and claims no knowledge of its products being sold in Minnesota.
The district court denied Takekawa's motions to dismiss. Takekawa appeals only the refusal to dismiss for lack of personal jurisdiction. The other defendants did not take a position on the motions below and did not participate in this appeal.

ISSUE
Does appellant Takekawa have sufficient Minnesota contacts to satisfy due process requirements for asserting personal jurisdiction over a foreign corporation?

ANALYSIS
The determination of whether personal jurisdiction exists is a question of law, subject to de novo review on appeal. Stanek v. A.P.I., Inc., 474 N.W.2d 829, 832 (Minn. App.1991), pet. for rev. denied (Minn. Oct. 31, 1991), cert. denied, 503 U.S. 977, 112 S.Ct. 1603, 118 L.Ed.2d 316 (1992). "An order denying a motion to dismiss for lack of personal jurisdiction is appealable as of right." Id. at 831.
To exercise personal jurisdiction over a foreign corporation, a court must find statutory grounds for asserting jurisdiction exist and constitutional due process requirements are satisfied. Marquette Nat'l Bank of Minneapolis v. Norris, 270 N.W.2d 290, 294 (Minn.1978). Takekawa concedes that Minn. Stat. § 543.19 (1992), Minnesota's long-arm statute, applies if due process is satisfied because the statute extends jurisdiction to the full extent allowed by due process. See Valspar Corp. v. Lukken Color Corp., 495 N.W.2d 408, 410-11 (Minn.1992). The focus therefore is on whether due process requirements are met. The plaintiff must allege facts, which will be taken as true, that make a prima facie showing of sufficient Minnesota contacts. Hardrives, Inc. v. City of LaCrosse, 307 Minn. 290, 293, 240 N.W.2d 814, 816 (1976).
Due process limits a state's authority to exercise personal jurisdiction over foreign corporations. Falkirk Mining Co. v. Japan Steel Works, 906 F.2d 369, 373 (8th Cir.1990). It permits a court to exercise jurisdiction over a foreign corporation only if the corporation has sufficient minimum contacts with the state and has engaged in "conduct indicating that the [corporation] could reasonably anticipate being sued there." Real Properties, Inc. v. Mission Ins., 427 N.W.2d 665, 667 (Minn.1988). There must "be some act by which the defendant purposefully avails itself of the privilege of" doing business in the state, thereby seeking the benefits and privileges of the state's laws. Falkirk Mining Co., 906 F.2d at 374 (citing Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958)).
To determine whether due process requirements are satisfied, Minnesota courts consider five factors: (1) the quantity of the state contacts, (2) the contacts' nature and quality, (3) the source and connection of the cause of action with the contacts, (4) Minnesota's interest in providing a forum, and (5) the convenience of the parties. Marquette Nat'l Bank of Minneapolis, 270 N.W.2d at 295. The first three are primary considerations; the fourth and fifth are given secondary weight. Id.
Welsh has not alleged any direct contacts between Takekawa and Minnesota. In products liability cases, however, a plaintiff can rely on a foreign corporation's indirect contacts with a state under the "stream-of-commerce" theory. Helten v. Arthur J. Evers Corp., 372 N.W.2d 380, 382 (Minn.App. 1985), pet. for rev. denied (Minn. Oct. 21, *474 1985). This theory prevents a manufacturer from escaping jurisdiction by selling its products in other states through intermediaries or claiming ignorance of where its products are eventually sold. Rostad v. On-Deck, Inc., 372 N.W.2d 717, 721 (Minn.1985), cert. denied, 474 U.S. 1006, 106 S.Ct. 528, 88 L.Ed.2d 460 (1985). When a manufacturer places a product in the "stream-of-commerce," attempting to serve directly or indirectly a state's market for its product, jurisdiction can be asserted. Id.
In cases in which the stream-of-commerce theory has been used to infer extensive contacts between a foreign corporation and Minnesota, facts showing wide-scale marketing efforts or nationwide sales of commonly used products justified the inference. See id. (defendant's distribution network and purposeful marketing efforts supported inference of numerous state contacts); Stanek, 474 N.W.2d at 833 (due to nature of business and Minnesota's position as a midwestern industrial center, reasonable to infer asbestos mining company's products sold to large United States corporations reached Minnesota). Jurisdiction under the stream-of-commerce theory was denied, however, in Johnson Bros. Corp. v. Arrowhead Co., 459 N.W.2d 160 (Minn.App.1990). In that case, the defendant manufacturer/distributor's sale of fireworks to another fireworks supplier, who in turn sold the fireworks in Minnesota, was deemed an isolated sale insufficient to support jurisdiction. Id. at 163. We emphasized the plaintiff's failure to show more than one instance in which the defendant's product had entered Minnesota. Id.
The facts alleged here do not permit an inference that Takekawa products are sold in Minnesota in significant numbers. Although the allegations claim Takekawa has two U.S. distributors, they do not allege, beyond the one sale by Rotork to Johnson Wood Products, that these businesses actually sold Takekawa products in Minnesota. Similarly, the allegation that a Minnesota company sometimes services and sells used Takekawa saws does not support jurisdiction; the allegation does not implicate Takekawa or its distributors in the Minnesota sales. Jurisdiction cannot arise via the unilateral activity of someone other than the defendant. See Helten, 372 N.W.2d at 383. Under these facts, Welsh cannot rely on the stream-of-commerce theory to establish a quantity of contacts that would support jurisdiction.
Where there are only a few contacts, the nature and quality of those contacts becomes dispositive. Id. at 382. The issue is whether the defendant "`purposefully availed' itself of the benefits and protections of Minnesota law." Johnson Bros. Corp., 459 N.W.2d at 163.
Welsh contends the facts show purposeful availment. He alleges that Takekawa used its distributors to set up a distribution scheme that included Minnesota, relying on Barone v. Rich Bros. Interstate Display Fireworks Co., 25 F.3d 610 (8th Cir.), cert. denied, ___ U.S. ____, 115 S.Ct. 359, 130 L.Ed.2d 313 (1994). In Barone, a Japanese fireworks manufacturer was sued under Nebraska's long-arm statute for an injury occurring in Nebraska. The decision centered on the manner in which the Japanese defendant's products reached Nebraska because the company had no direct state contacts. Id. at 611. The court found jurisdiction appropriate, noting the defendant had benefitted from using nine distributors in six states to sell its products throughout several states, including Nebraska. Id. at 611, 613, 615. The company's claim that it did not know its products were sold in Nebraska was rejected; given the location of its distributors, it was fair to infer a design of penetrating the midwestern market for its products. Id. at 613-14.
We find our decision in Johnson Bros. Corp. more analogous to the present situation. In Johnson Bros. Corp., the defendant had no direct contacts with Minnesota and its marketing and distribution efforts were restricted to western and southern states. 459 N.W.2d at 164. The single sale connected to Minnesota arose from the unilateral actions of the "middleman" supplier, who contacted the defendant to obtain fireworks to fill its Minnesota order. Id. at 165. Nothing in the record indicated the defendant had directly or indirectly taken advantage of the Minnesota market. Id. We rejected the argument that a trade directory listing showed the *475 defendant had intended to create a national market, and concluded that the defendant could not have anticipated being haled into Minnesota's courts. Id. at 164-65.
As in Johnson Bros. Corp., insufficient facts are alleged here to show a distribution scheme encompassing Minnesota. Welsh argues that Takekawa's selection of distributors in Florida and Arizona shows an intent to serve the entire United States market. But there is no evidence regarding the extent of the distributors' marketing efforts or their success in penetrating the market for Takekawa's products, particularly in Minnesota. As in Johnson Bros. Corp., the fact that the Florida distributor publishes an 800 number does not show active promotion of Takekawa products in the state, and an advertisement or listing in a national directory does not by itself indicate an intent to serve a particular market area. See Real Properties, Inc., 427 N.W.2d at 669 ("It is not the hope of getting business from the directory listing that confers jurisdiction but the extent to which that hope is translated into out-of-state business."). Without evidence of additional sales or facts showing Rotork was the aggressor in the transaction, the single sale by Rotork to Johnson Wood Products must be characterized, as in Johnson Bros. Corp., as an isolated sale that does not show purposeful availment of the Minnesota market. The distribution scheme alleged by Welsh is simply too illusory to support jurisdiction; the facts hint at, but do not sufficiently substantiate, purposeful availment of Minnesota's market and laws.
The final primary factor is the source and connection of the contacts with the cause of action. Assuming, as we must at this stage, that Rotork is Takekawa's authorized distributor, the requisite connection exists because Rotork admits reselling the Takekawa saw that injured Welsh to a Minnesota company. Thus, the connection between the contacts and the cause of action supports jurisdiction. This factor alone, however, does not support jurisdiction. Because neither the quantity nor the quality of the contacts demonstrate "purposeful availment" on Takekawa's part, we must conclude that personal jurisdiction does not exist here.
The secondary factors do not change our conclusion. When a Minnesota resident is injured in Minnesota, the state has an interest in providing a forum. Rostad, 372 N.W.2d at 722. This factor therefore favors jurisdiction.[2] The final factor, convenience, does not strongly support either party. Many of the witnesses are likely to be located in Minnesota, so Minnesota would be a convenient forum. We must, however, exercise caution in asserting jurisdiction over alien corporations, recognizing the additional burden experienced by one forced to defend itself in a foreign system. Asahi Metal Indus. Co. v. Superior Court of California, Solano County, 480 U.S. 102, 114, 107 S.Ct. 1026, 1033, 94 L.Ed.2d 92 (1987).
Welsh asks this court to remand the case for discovery if we find the minimum contacts requirement has not been satisfied. Respondent does not explain why he believes additional discovery will uncover material facts. See Rice v. Perl, 320 N.W.2d 407, 412 (Minn.1982) (further discovery is appropriate when party has good faith belief that material facts will be uncovered but not when party merely hopes to uncover material facts). Furthermore, if Welsh needed additional time to conduct adequate discovery, he should have moved for a continuance below. See id.; West American Ins. Co. v. Westin, Inc., 337 N.W.2d 676, 681 n. 4 (Minn.1983) (appellate court had to take record as it was, even though investigation might have uncovered sufficient facts to establish jurisdiction). A remand for discovery is not appropriate.

*476 DECISION
Appellant Takekawa does not have sufficient minimum contacts with the State of Minnesota to permit the district court to exercise personal jurisdiction over it.
Reversed.
NOTES
[*] Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn.Const. art. VI, § 10.
[1] In a footnote in its brief, Takekawa points out that it moved below to strike the affidavit as insufficient because the affiant was Welsh's counsel, but the district court did not specifically rule on this issue. We note that a better practice would have been for counsel to obtain affidavits from the distributors and local dealers cited in the affidavit.
[2] Takekawa relies on Kohn v. La Manufacture Francaise Des Pneumatiques Michelin to argue that Minnesota's interest in providing a forum is diminished because full recovery is available from Rotork. 476 N.W.2d 184 (Minn.App. 1991), pet. for rev. denied (Minn. Dec. 13, 1991). In Kohn, this court indicated that Minnesota's interest in retaining jurisdiction over a French tire designer was lessened because the tire manufacturer was jointly and severally liable for the entire verdict. 476 N.W.2d at 187. Unlike Kohn, however, this case has not been fully litigated; it is not apparent here that full recovery will be available from Rotork. We therefore reject this argument.