468 N.W.2d 563 (1991)
FIRST HEARTLAND SURETY AND CASUALTY INSURANCE COMPANY, Respondent,
v.
Ivan MEYER and Patricia Meyer, individually, and d/b/a Conoco Truckstop, Respondents,
Donald K. Wanner, individually, and d/b/a Prairie Insurance Company, Appellant.
No. C1-90-2387.
Court of Appeals of Minnesota.
April 23, 1991.
*564 Evan H. Larson, Warren F. Plunkett & Associates, Austin, for respondent First Heartland Sur. and Cas. Ins. Co.
Ivan Meyer and Patricia Meyer, pro se.
Gerald L. Maschka, Kenneth R. White, Farrish, Johnson & Maschka, Mankato, for appellant Donald K. Wanner.
Considered and decided by DAVIES, P.J., and LANSING and PETERSON, JJ.

OPINION
LANSING, Judge.
A Minnesota insurance company sued North Dakota surety bond purchasers and a North Dakota insurance agency for misrepresentations of the purchasers' finances. The agency appeals the denial of its dismissal motion for lack of personal jurisdiction. We affirm.

FACTS
Ivan and Patricia Meyers own the Conoco Truckstop, Inc., a North Dakota business. The Meyers contacted Donald Wanner, an insurance agent licensed in North Dakota and doing business as the Prairie Insurance Agency, to obtain substandard fuel tax bonds, which were required to guarantee the full and prompt payment of North Dakota motor fuel taxes. In July 1989, Wanner solicited First Heartland Surety and Casualty Insurance Company to underwrite the bonds. First Heartland's principal place of business is Austin, Minnesota. After obtaining additional information about the Meyers' residency and financial transactions through letters and phone conversations with Wanner, First Heartland issued the bonds.
The Meyers failed to pay their fuel taxes, leaving First Heartland liable under the two bonds. First Heartland sued the Meyers, Wanner, and their respective companies, alleging misrepresentations of the Meyers' financial status. The trial court denied Wanner's motion to dismiss for lack of personal jurisdiction, and he appeals.

ISSUE
Are Wanner's contacts with Minnesota sufficient to permit constitutional exercise of personal jurisdiction?

ANALYSIS
Before a Minnesota court may exercise personal jurisdiction over a nonresident defendant, the plaintiff must show that the requirements of Minn.Stat. § 543.19 (1990) have been met. Sherburne County Social Services v. Kennedy, 426 N.W.2d 866, 867 (Minn.1988). Minnesota's long-arm statute provides for personal jurisdiction over a foreign corporation or nonresident individual when the corporation or individual
(d) Commits any act outside Minnesota causing injury or property damage in Minnesota, subject to the following exceptions when no jurisdiction shall be found:
(1) Minnesota has no substantial interest in providing a forum; or
(2) the burden placed on the defendant by being brought under the state's jurisdiction would violate fairness and substantial justice * * *.
Minn.Stat. § 543.19, subd. 1. The legislature intended this statute to extend the maximum extraterritorial effect allowed under the federal Constitution. Rostad v. On-Deck, Inc., 372 N.W.2d 717, 719 (Minn.), cert. denied, 474 U.S. 1006, 106 S.Ct. 528, 88 L.Ed.2d 460 (1985).
First Heartland's claim for misrepresentation is premised on calls and letters originating in North Dakota but allegedly causing injury in Minnesota. Wanner acknowledges Minnesota's interest in providing a forum but disputes that Minnesota's exercise of jurisdiction is consistent with fairness and substantial justice. This statutory jurisdictional requirement essentially codifies the "minimum contacts" test of International Shoe Co. v. Washington, *565 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). See Vikse v. Flaby, 316 N.W.2d 276, 282 (Minn.1982).
To satisfy due process, the litigant must have sufficient minimum contacts with a state so that "traditional notions of fair play and substantial justice" are not offended by permitting litigation in that state. International Shoe Co., 326 U.S. at 316, 66 S.Ct. at 158. To determine fairness under the due process clause, Minnesota courts examine five factors: (1) the quantity of contacts with the forum state; (2) the nature and quality of contacts; (3) the source and connection of the cause of action with these contacts; (4) the state's interest in providing a forum; and (5) the relative convenience of the parties. See Kennedy, 426 N.W.2d at 868. The first three factors essentially ask "whether the defendant has established enough contacts with Minnesota to justify being sued here and whether those contacts were established on purpose" to conduct business in this state. Real Properties, Inc. v. Mission Ins. Co., 427 N.W.2d 665, 668 (Minn. 1988).
Wanner's business is neither licensed in this state, nor does it have a Minnesota office. Wanner has engaged in bond transactions for his North Dakota clients with First Heartland and other Minnesota businesses,[1] including the bond acquisition underlying the present litigation. Wanner has had more than an "isolated" contact with this state. See Kopperud v. Agers, 312 N.W.2d 443, 445 (Minn. 1981).
Wanner disputes that these actions show purposeful availment of the protection of Minnesota law and characterizes his role as a conduit for the transaction between First Heartland and the Meyers. Purposeful availment is a deliberate engaging in significant activities within a state or creating continuing obligations between a litigant and residents of the forum. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475-76, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985) (citations omitted).
Although First Heartland proposed a business relationship in 1987, Wanner initiated the contact resulting in the actual purchase of the bonds for the Meyers. This contact, one of a repeated number of solicitations directed at Minnesota businesses, constitutes deliberate economic activity within this state that is neither "random" nor the result of "unilateral activity" by First Heartland. See id. at 475, 105 S.Ct. at 2183. Wanner has derived commercial benefits by availing himself of the privilege of conducting business in Minnesota. See Edmonton World Hockey Enterprises, Ltd. v. Abrahams, 658 F.Supp. 604, 607-08 (D.Minn.1987) (sending signature page of settlement agreement to Minnesota constituted a representation of factual accuracy that was a sufficient contact for jurisdiction in fraud action); Kopperud, 312 N.W.2d at 445 (land developer's activities occurring outside Minnesota were "directed toward attaining a commercial benefit in Minnesota" and were therefore constitutionally sufficient).
The two remaining factors, the state's interest in providing a forum and the convenience of the forum, are not jurisdictional elements so much as an incorporation of the doctrine of forum non conveniens. Since adopting the Eighth Circuit's five-factor analysis developed in Aftanase v. Economy Baler Co., 343 F.2d 187 (8th Cir.1965), Minnesota courts have consistently treated these factors as lesser but still relevant considerations in determining jurisdiction. See, e.g., Marquette Nat'l Bank of Minneapolis v. Norris, 270 N.W.2d 290, 295 (Minn.1978). The doctrine of forum non conveniens, although recognized in Minnesota, was limited in application when Aftanase was decided, and the inclusion of the last two factors in our jurisdictional analysis essentially relates to those limitations. See Willoughby v. Hawkeye-Security Ins. Co., 291 Minn. 509, 511, 189 N.W.2d 165, 167 (1971) (recognizing trial court's discretion to deny jurisdiction *566 on equitable grounds in suits by non residents).
The supreme court has since recognized that the presence of minimum contacts may not require the exercise of jurisdiction if the trial court determines that Minnesota would be an inconvenient forum, even in cases brought by Minnesota residents. See Hague v. Allstate Ins. Co., 289 N.W.2d 43, 46 (Minn.1979), aff'd, 449 U.S. 302, 101 S.Ct. 633, 66 L.Ed.2d 521 (1981). Under current law, if convenience of the parties and the forum state's interests are significant issues in a case, they can be more directly addressed within the framework of forum non conveniens doctrine. See Minn. R.Civ.P. 41; Bergquist v. Medtronic, Inc., 379 N.W.2d 508, 511 n. 4 (Minn.1986) (listing relevant private and public factors to be balanced in forum non conveniens determination).
The record in this case establishes minimum contacts sufficient to support jurisdiction and does not indicate a level of inconvenience to Wanner that would compel a discretionary divestment of jurisdiction under the doctrine of forum non conveniens.

DECISION
Wanner has purposefully availed himself of the privilege of conducting business within this state, and the trial court's denial of his motion to dismiss for lack of personal jurisdiction was proper.
Affirmed.
NOTES
[1] The trial court's findings and analysis focused solely on the subject transaction between Wanner and First Heartland. However, in his affidavit supporting the motion to dismiss, Wanner admits doing business repeatedly with First Heartland and other Minnesota companies.