Timothy DAVIS, et al., Respondents,

v.

**MINNESOTA MINING AND MANUFACTURING CO.,**
Respondent,

E.D. Bullard Company, Respondent,

Ruemelin Company, defendant and third-party plaintiff, Respondent,

Badger Mining Corporation, defendant and third-party plaintiff, Respondent,

U.S. Silica Company, et al., defendants and third-party plaintiffs, Respondents,

Unimin Corporation, et al., Defendants,

and

Fairmount Minerals, Ltd., et al., defendants and third-party plaintiffs, Respondents,

Wedron Silica Company, defendant and third-party plaintiff, Respondent,

v.

Chicago Bridge and Iron Company, an Illinois Corporation, et al., Third–Party Defendants,

CBI Industries, Inc., a Delaware Corporation, third-party defendant, Appellant.

No. C1–98–1791.

Court of Appeals of Minnesota.

March 23, 1999.

Michael S. Polk, Michael R. Strom, Sieben Polk LaVerdiere Jones & Hawn, P.A., Hastings, MN (for respondents Timothy and Pamela Davis)

Tyrone P. Bujold, Mullen J. Dowdal, Robins, Kaplan, Miller & Ciresi L.L.P., Minneapolis, MN; and Lawrence R. King, King & Hatch, St. Paul, MN (for respondent Minnesota Mining)

Mark J. Peschel, Johnson & Lindberg, Minneapolis, MN (for respondent E.D. Bullard)

Timothy P. Tobin, Gislason, Dosland, Hunter & Malecki, Minnetonka, MN (for respondent Ruemelin Company)

Jerome B. Abrams, Bradford J. Roegge, Abrams & Smith, P.A., Minneapolis, MN (for respondent Badger Mining)

Robert Miller, David N. Lutz, Bowman & Brooke, Minneapolis, MN (for respondents U.S. Silica and South Jersey Industries)

Charles H. Becker, Meagher & Geer, P.L.L.P., Minneapolis, MN (for respondents Fairmont Minerals and Wedron Silica)

Blake Shepard, Jr., Susan M. Humiston, Leonard, Street and Deinard, P.A., Minneapolis, MN (for respondent Wedron Silica)

Robert W. Kettering, Joseph W. Waller, Arthur, Chapman, Kettering, Smetak & Pikala, P.A., Minneapolis, MN (for appellant CBI Industries)

Considered and decided by SCHUMACHER, Presiding Judge, DAVIES, Judge, and WILLIS, Judge.

## OPINION

SCHUMACHER, Judge

CBI Industries, Inc. appeals from the district court's denial of its motion to dismiss for

lack of personal jurisdiction, claiming it has no ties to Minnesota. We affirm.

## FACTS

Respondent Timothy Davis, the plaintiff in the underlying action, worked in the sand-blasting/painting and construction business. He began working for Chicago Bridge and Iron Company in 1976 and later for CBI Na-Con. Both companies were held by the same parent corporation, CBI Industries. Over time Davis developed a medical condition known as silicosis as a result of inhaling airborne sand particles. He brought an action against several manufacturers of the various products and safety equipment he used in his job as a sandblaster. He also brought an action against his former employers, including CBI Industries.

CBI Industries moved for dismissal based on lack of personal jurisdiction. The district court denied the motion. CBI Industries implemented a safety program from 1986 to 1988 to direct safety procedures for both Chicago Bridge and Iron and Na-Con. CBI Industries distributed a manual with mandatory procedures for all employees and supervisors. For 19 years CBI Industries also purchased workers' compensation insurance for the employees working in Minnesota for Chicago Bridge and Iron and Na-Con.

James Rhudy, an employee of CBI Industries, was the director of the safety program. Rhudy stated that the program was enforced at the ground level by foremen and supervisors, who ultimately answered to him and needed his approval to deviate from the program. CBI Industries encouraged supervisors to submit requests for deviations in writing. The results of on-site inspections were reported to Rhudy's department. This same department approved the respirators for use in sandblasting and distributed revised manuals to all foremen. The district court denied CBI Industries' motion to dismiss. CBI Industries appeals.

## ISSUE

Do Minnesota courts have personal jurisdiction over CBI Industries?

## ANALYSIS

■ Whether personal jurisdiction exists is a question of law subject to de novo review on appeal. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn.1984).

■ As a threshold matter, a prima facie showing must be made that jurisdiction does not violate "traditional notions of fair play and substantial justice." *Dent–Air, Inc. v. Beech Mountain Air Serv., Inc.,* 332 N.W.2d 904, 906–07 (Minn.1983) (quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (citations omitted)). Minnesota's long-arm statute, Minn.Stat. § 543.19, subd. 1 (1998), contains the statutory grounds for asserting personal jurisdiction over a nonresident corporation that transacts business in Minnesota or commits an act that results in injury in Minnesota. Minnesota courts exercise jurisdiction under the statute subject only to the limits of the federal due process requirements. *Valspar Corp. v. Lukken Color Corp.,* 495 N.W.2d 408, 411 (Minn.1992). Thus, if the "personal jurisdiction requirements of the federal constitution are met, the requirements of the long-arm statute will necessarily be met also." *Id.*

■ Another threshold requirement for exerting personal jurisdiction over a nonresident is that the nonresident must also "purposefully avail[ ] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protection of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958). The nonresident must have reason to expect to be haled into the state's courts. *See World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980) (conduct and connection with forum so as to reasonably anticipate being haled into court).

■ We find these threshold requirements have been met in this case. Asserting jurisdiction over a foreign corporation that implemented a safety program for workers in Minnesota does not offend notions of fairness and justice when that safety program is at issue in the lawsuit. By taking on this re-

sponsibility and purchasing workers' compensation insurance covered by Minnesota law, CBI Industries availed itself "of the privilege of conducting activities within the forum State." *Hanson*, 357 U.S. at 253, 78 S.Ct. at 1240. Based on these facts, CBI Industries should have expected to be haled into Minnesota courts.

 Personal jurisdiction may be based on general or specific jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 415 nn. 8 & 9, 104 S.Ct. 1868, 1872 nn. 8 & 9, 80 L.Ed.2d 404 (1984). Specific jurisdiction may be satisfied for a particular cause of action if a defendant had limited contacts with the forum state that arise from or relate to a plaintiff's claim. *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472–73, 105 S.Ct. 2174, 2182, 85 L.Ed.2d 528 (1985); *Valspar,* 495 N.W.2d at 411. The defendant's actual presence in the forum state is not necessary. *Burger King,* 471 U.S. at 476, 105 S.Ct. at 2184. The contacts themselves may be minimal. *See Domtar, Inc. v. Niagara Fire Ins. Co.* 533 N.W.2d 25, 31 (Minn.1995) (given totality of circumstances, single contract may be sufficient contact).

In this case, extensive contact existed between CBI Industries and Minnesota. The company implemented and oversaw a safety program for its subsidiaries to use in Minnesota. It issued a manual requiring certain procedures to be followed and explicitly stated responsibility for the program was held by Rhudy, a CBI Industries employee. The program involved regular contacts between Rhudy and supervisors of Minnesota workers. Through written and oral contacts, CBI Industries made important safety decisions affecting workers in Minnesota.

Davis alleges that CBI Industries' failure to enforce the program correctly caused his injuries, creating a direct nexus between the cause of action and CBI Industries' contacts with Minnesota. Given the nature and length of the contacts, we find specific jurisdiction over CBI Industries is proper in this case.

CBI Industries argues that the court must pierce the corporate veil to find minimum contacts with Minnesota through its subsidiary companies. Such a finding is unnecessary because CBI Industries independently made sufficient contacts to satisfy personal jurisdiction.

## DECISION

Because CBI Industries established adequate contacts to satisfy personal jurisdiction, the district court did not err in denying CBI Industries' motion to dismiss.

**Affirmed.**