**VIKING ENGINEERING & DEVELOPMENT, INC., Respondent,**

**v.**

**R.S.B. ENTERPRISES, INC., et al., Appellants.**

**No. C9–99–1337.**

Court of Appeals of Minnesota.

March 28, 2000.

Review Denied May 23, 2000.

Timothy J. Grande, Joanne H. Turner, Mackall, Crounse & Moore, P.L.C., Minneapolis, for respondent.

Ronald H. Groth, Groth Law Firm, Ltd., Minneapolis, for appellants.

Considered and decided by LANSING, Presiding Judge, DAVIES, Judge, and HARTEN, Judge.

## OPINION

DAVIES, Judge.

Respondent brought a breach-of-contract action in Minnesota against appellants. Appellants moved to dismiss, asserting that they did not have the minimum contacts with Minnesota required to support personal jurisdiction. The district court denied appellants' motion. We affirm.

## FACTS

Appellant R.S.B. Enterprises, Inc. (RSB), is an Ohio corporation that manufactures in Ohio machines that make and repair pallets. Appellant Timothy Beane (Beane) is employed by RSB[1] and owns the technology for its pallet-repair machines. Appellant Janet Beane is the sole shareholder of RSB. They are Ohio residents. Appellants have never traveled to Minnesota for any purpose and have not done business that has a relevant connection to this state, other than with respondent.

Respondent Viking Engineering & Development, Inc., a Minnesota corporation with its principal place of business in Minnesota, also manufactures machines that make pallets. In July 1997, appellants and respondent signed a purchase order stating that RSB would manufacture for respondent three machines for repairing pallets. Although the purchase order referenced a purchase "agreement," the parties did not sign a purchase "agreement." They did, however, review and exchange numerous versions of an agreement and at least one version stated that the agreement would be governed by Minnesota law. Between January 1997 and February 1998, there were at least 24 phone calls as well as mail and faxes between the parties.

Respondent sent a $78,000 down payment to appellants, as required by the purchase order. When appellants did not ship the machines, respondent demanded that its down payment be refunded. Appellants did not return the down payment or ship the machine, but claim they have a defense.

## ISSUE

Did the district court err in denying appellants' motion to dismiss for lack of personal jurisdiction?

## ANALYSIS

An order denying a motion to dismiss for lack of personal jurisdiction is appealable as a matter of right and this court reviews the denial de novo. *Stanek v. A.P.I., Inc.*, 474 N.W.2d 829, 831–32 (Minn.App.1991), *review denied* (Minn. Oct. 31, 1991). When a defendant challenges personal jurisdiction, a plaintiff must provide prima facie evidence of the

---

1. The corporate entity with which Beane was first affiliated during these negotiations was different from his present affiliation. This does not affect our analysis.

defendant's minimum contacts with the forum state and the plaintiff's allegations must be taken as true. *Hardrives, Inc. v. City of LaCrosse*, 307 Minn. 290, 293, 240 N.W.2d 814, 816 (1976). Doubts should be resolved in favor of jurisdiction. *Id.* at 818.

A Minnesota court may exercise jurisdiction over a nonresident if Minnesota's long-arm statute is satisfied and if there are contacts between the nonresident and Minnesota sufficient to satisfy federal due-process requirements. *Stanek*, 474 N.W.2d at 832; Minn.Stat. § 543.19 (1998). The long-arm statute is designed to "extend the personal jurisdiction of Minnesota courts as far as the Due Process Clause of the federal constitution allows." *Valspar Corp. v. Lukken Color Corp.*, 495 N.W.2d 408, 410 (Minn.1992). Thus, if constitutional due-process requirements are met, Minnesota's long-arm statute will also be satisfied. *Id.* at 411.

Due-process requirements are satisfied when a nonresident has sufficient "minimum contacts" with the forum state so that maintaining jurisdiction does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278 (1940)). When a nonresident has purposefully directed its activities to residents of the forum state and the litigation results from injuries arising out of these activities, the nonresident has "fair warning" that it could be sued in the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 2182, 85 L.Ed.2d 528 (1985). Specific jurisdiction, on which this case turns, can be based on a single transaction if the defendant purposefully solicited contacts, or initiated or induced the transaction out of which the cause of action arises. *Marquette Nat'l Bank v. Norris*, 270 N.W.2d 290, 295–96 (Minn.1978).

The Minnesota Supreme Court has adopted the five-factor test from *Aftanase v. Economy Baler Co.*, 343 F.2d 187 (8th Cir.1965), to determine whether a nonresident "has established enough contacts with Minnesota to justify being sued here" and whether the contacts were purposefully made to do business in this state. *Real Properties, Inc. v. Mission Ins. Co.*, 427 N.W.2d 665, 668 (Minn.1988). The three primary factors are the quantity of contacts, the nature and quality of the contacts, and the connection or relationship between the cause of action and the contacts. *Marquette Nat'l Bank*, 270 N.W.2d at 295. Two secondary factors are the state's interest in providing a forum and the parties' convenience. *Id.*

Appellant Timothy Beane, the "seller" in this transaction, concedes that he made the first contact between appellants and respondent, but claims the first contact, a call to Minnesota, was solely to explore options, not to sell respondent anything. "Mere inquiry by a prospective buyer or seller, without more, will not sustain jurisdiction." *Dent–Air, Inc. v. Beech Mountain Air Serv., Inc.*, 332 N.W.2d 904, 908 (Minn.1983).

Beane, as seller, contends that respondent subsequently initiated the serious contacts and then vigorously pursued a business transaction with appellants, in effect arguing that appellants did not either initially or subsequently act as the aggressors and thus did not purposefully avail themselves of Minnesota jurisdiction. *See id.* at 907–08 (no jurisdiction over lessee when prospective lessee merely makes inquiry to lessor and lessor unilaterally acts as aggressor). The traditional notion that a seller solicits customers, advertises, or otherwise initiates business activities does not translate into the notion that, for jurisdictional purposes, a seller is automatically presumed to be the aggressor in every business transaction. *See id.* (minimum-contacts requirement applies to both nonresident buyers and sellers, despite traditional scenario that seller solicits, advertis-

es, or otherwise initiates dealings). The jurisdictional test is now applied in the same manner to both nonresident buyers and sellers. *Mountaire Feeds, Inc. v. Agro Impex, S.A.*, 677 F.2d 651, 654 (8th Cir.1982).

■■■■■ In this case, notwithstanding who was the initial or primary aggressor, subsequent interstate communications by this nonresident seller demonstrate an eagerness to enter a business transaction that is equivalent to acting as the aggressor. Although appellants never physically traveled to Minnesota, the district court found that appellants' minimum contacts included an executed purchase order for the sale of machinery to respondent; phone calls, mail, and faxes to Minnesota to promote the sale of appellants' machines and technology rights; and acceptance of a $78,000 check from respondent. Taking respondent's factual allegations and supporting affidavits as true, as we must, the record supports that appellants on occasion actively sought out respondents in Minnesota and fully engaged in interstate contract negotiations. The nature and quality of Beane's numerous subsequent contacts constituted specific business activity purposefully directed to respondent in this state; the contacts satisfy due-process requirements.

## DECISION

The district court did not err in denying appellants' motion to dismiss for lack of personal jurisdiction.

**Affirmed.**