**James L. MARSHALL, Respondent,**

v.

**The INN ON MADELINE ISLAND, Appellant,**

**John Streitz, et al., Respondents.**

**No. C8–99–1748.**

Court of Appeals of Minnesota.

May 9, 2000.

Edward M. Glennon, Kim Ruckdaschel–Haley, Hassan Saffouri, Lindquist & Vennum, PLLP, Minneapolis, for respondent Marshall.

James J. Galman; Karen R. Cote, Jardine, Logan & O'Brien, PLLP, St. Paul, for appellant.

Ted E. Sullivan, Sarah E. Morris, Lind, Jensen & Sullivan, Minneapolis, for respondents Streitz.

Considered and decided by WILLIS, Presiding Judge, KALITOWSKI, Judge, and HALBROOKS, Judge.

## OPINION

WILLIS, Judge

Appellant, a Wisconsin corporation, challenges the district court's denial of its motion to dismiss respondent Marshall's claim for lack of personal jurisdiction. We affirm.

## FACTS

Appellant The Inn on Madeline Island is a Wisconsin corporation that manages properties on Madeline Island, Wisconsin, for their owners and rents those properties to the public. Robert Hartzell, a Minnesota resident, is the owner of The Inn. Respondents John and Susan Streitz are husband and wife and reside in Duluth, Minnesota. At all times relevant to this lawsuit, the Streitzes owned a vacation property on Madeline Island called Amnicon Point, which The Inn managed and rented to the public. Respondent James L. Marshall, a Minnesota resident, was vacationing at Amnicon Point in May 1996 when the accident at issue here occurred. Marshall alleges that he was standing on a dock when a board beneath him collapsed, causing injuries.

Marshall filed suit in Minnesota district court against The Inn and John and Susan Streitz, alleging that The Inn was negligent in maintaining the dock, in failing to inspect the dock, and in failing to warn him of its dangerous condition. The Inn moved for summary judgment to dismiss Marshall's claim on the ground that the Minnesota district court lacked personal jurisdiction over The Inn. The district court denied the motion, and this appeal followed.

## ISSUE

Did the district court err in denying The Inn's motion to dismiss for lack of personal jurisdiction?

## ANALYSIS

■ An order denying a motion to dismiss for lack of personal jurisdiction is appealable as a matter of right. *Stanek v. A.P.I., Inc.*, 474 N.W.2d 829, 832 (Minn. App.1991), *review denied* (Minn. Oct. 31, 1991), *cert. denied,* 503 U.S. 977, 112 S.Ct. 1603, 118 L.Ed.2d 316 (1992). The existence of personal jurisdiction is a question of law and is reviewed de novo. *Id.* The reach of a state's long-arm statute is a question of state law, but whether due-process requirements are met by application of the statute is a question of federal law. *Id.* (citation omitted).

■ Two criteria must be met before Minnesota courts can exercise personal jurisdiction over a nonresident: First, the requirements of Minnesota's long-arm statute must be satisfied. *See generally* Minn.Stat. § 543.19 (1998). Second, "minimum contacts" must exist between the defendant and this state in order to satisfy due process. *Rostad v. On–Deck, Inc.*, 372 N.W.2d 717, 719 (Minn.1985).

Minnesota's long-arm statute provides, in part, that

> a court of this state with jurisdiction of the subject matter may exercise personal jurisdiction over any foreign corporation * * * in the same manner as if it were a domestic corporation * * *. This section applies if, in person or through an agent, the foreign corporation or nonresident individual * * * transacts any business within the state * * *.

■ Minn.Stat. § 543.19, subd. 1, 1(b). The long-arm statute and the federal Due Process Clause are co-extensive. *Valspar Corp. v. Lukken Color Corp.*, 495 N.W.2d 408, 410–11 (Minn.1992). In other words

> [i]f the personal jurisdiction requirements of the federal constitution are met, the requirements of the long-arm statute will necessarily be met also. Thus, * * * Minnesota courts may simply apply the federal case law.

*Id.* at 411.

■ The Due Process Clause of the United States Constitution requires that a defendant have "minimum contacts" with a

forum state such that maintaining jurisdiction there does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (quotation omitted). It is essential that

> there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum [s]tate, thus invoking the benefits and protections of its laws.

*Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958). The defendant must reasonably anticipate the possibility of being haled into the state's courts. *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

■ There is a distinction between general and specific personal jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 nn. 8–9, 104 S.Ct. 1868, 1872 nn. 8–9, 80 L.Ed.2d 404 (1984); *Valspar*, 495 N.W.2d at 411. General jurisdiction arises when a defendant has "continuous and systematic" contacts with the forum state. *Helicopteros Nacionales*, 466 U.S. at 415–16, 104 S.Ct. at 1872–73. Specific jurisdiction exists when the cause of action arises out of or is related to the defendant's contacts with the forum. *Id.* at 414 n. 8, 104 S.Ct. at 1872 n. 8. Specific jurisdiction can arise from a single contact with the forum if the cause of action arose out of that contact. *See McGee v. International Life Ins. Co.*, 355 U.S. 220, 223, 78 S.Ct. 199, 201, 2 L.Ed.2d 223 (1957); *Marquette Nat'l Bank v. Norris*, 270 N.W.2d 290, 295 (Minn. 1978). Here, appellant argues that the Minnesota court has neither general nor specific jurisdiction to decide this dispute between the parties.

■ Minnesota courts use a five-factor test to determine whether the exercise of personal jurisdiction is proper:

(1) The quantity of the contacts with the forum state,

(2) The nature and quality of the contacts,

(3) The source and connection of the cause of action with these contacts,

(4) The interest of the state in providing a forum,

(5) The convenience of the parties.

*Vikse v. Flaby*, 316 N.W.2d 276, 282 (Minn. 1982) (adopting five-factor test set forth in *Aftanase v. Economy Baler Co.*, 343 F.2d 187, 197 (8th Cir.1965)). The first three factors are of primary importance, while the factors of state interest and convenience of the parties require lesser consideration. *Dent–Air, Inc. v. Beech Mountain Air Serv., Inc.*, 332 N.W.2d 904, 907 (Minn.1983). Any doubt regarding the sufficiency of contacts to support the exercise of personal jurisdiction should be resolved in favor of finding jurisdiction. *Valspar*, 495 N.W.2d at 412.

### 1. Quantity of Contacts

■ The Inn is a Wisconsin corporation with its principal place of business in La Pointe, Wisconsin. The Inn is not licensed to conduct business in Minnesota, owns no real property in Minnesota, and does not have any business offices or an agent to accept service of process in Minnesota.

The Inn advertises in Minnesota publications, including *Minnesota Monthly* magazine and Duluth, St. Paul, and Minneapolis newspapers. The Inn also solicits business in Minnesota by mailing advertisements to Minnesota residents who are past guests.

In addition, The Inn contracts for its services with Minnesota residents, who own approximately 50% of the properties on Madeline Island that are managed by The Inn. The Inn also corresponds by mail and by telephone with Minnesota residents who express interest in vacationing at properties managed by The Inn.

The Inn often purchases food and other goods and services from Minnesota. It has purchased a telephone system, cash-

register system, linen, and restaurant equipment in Minnesota. Finally, The Inn's employees have traveled to Minnesota for annual meetings, for training to use the cash-register system, and to buy goods as needed at The Inn.

The quantity of contacts here supports the exercise of personal jurisdiction by Minnesota courts.

### 2. Nature and Quality of Contacts

█ For purposes of determining whether personal jurisdiction over a foreign defendant exists, there is a distinction between contacts by purchasers of goods and services from Minnesota residents and contacts by sellers of goods and services to Minnesota residents. *Compare Walker Management, Inc. v. FHC Enters., Inc.,* 446 N.W.2d 913 (Minn.App.1989) (declining jurisdiction over nonresident purchaser of services from Minnesota company where contacts included telephone calls, correspondence, and payments), *review denied* (Minn. Dec. 15, 1989), *and S.B. Schmidt Paper Co. v. A to Z Paper Co.,* 452 N.W.2d 485 (Minn.App.1990) (declining jurisdiction over nonresident purchaser of paper from Minnesota seller of paper where all contacts were by telephone and mail), *with State by Humphrey v. Granite Gate Resorts, Inc.,* 568 N.W.2d 715 (Minn.App. 1997) (exercising jurisdiction where Nevada internet-gambling provider solicited business from Minnesota residents), *aff'd mem.,* 576 N.W.2d 747 (Minn.1998). In this respect, The Inn plays a dual role. It purchases goods and services from Minnesota businesses and sends employees to Minnesota on Inn-related business; it also directly solicits, contracts with, and receives a substantial amount of business from Minnesota residents.

█ Jurisdiction may be proper when a nonresident's contacts are directed at

attaining a commercial benefit in Minnesota. *See, e.g., Kopperud v. Agers,* 312 N.W.2d 443, 445 (Minn.1981) (exercising jurisdiction where foreign defendant's contacts involved scheme to defraud Minnesota investors). Here, The Inn directly solicits business from Minnesota residents through direct mail and advertisements in Minnesota publications. Direct solicitation and sales of goods and services to Minnesota residents come within the purposeful availment contemplated by *International Shoe. See* 326 U.S. at 319, 66 S.Ct. at 159–60; *Hanson,* 357 U.S. at 253, 78 S.Ct. at 1240.

Appellant relies on *Jenson v. R.L.K. & Co.,* 534 N.W.2d 719 (Minn.App.1995), *review denied* (Minn. Sept. 20, 1995), for the proposition that general advertisements, telephone calls for reservations, and collection of deposits are not sufficient to confer personal jurisdiction. In *Jenson,* this court held that a nonresident defendant did not have "systematic and continuous" contacts with Minnesota giving rise to the exercise of general jurisdiction where the defendant advertised in national publications, solicited business from the public at large, and responded to Minnesota residents' requests for information. 534 N.W.2d at 720. But we find *Jenson* to be distinguishable. Here, The Inn directly targets Minnesota residents. And "Minnesota courts have concluded that defendants who know their message will be broadcast in this state are subject to suit here." *Granite Gate Resorts,* 568 N.W.2d at 719 (citations omitted).

█ The Inn also has entered into contractual relationships with Minnesota-based businesses and with Minnesota residents who own property on Madeline Island.[1] When a defendant deliberately engages in significant activities in a state or creates continuing obligations between it-

---

1. Over the past decade, The Inn has had ongoing relationships with several Minnesota businesses that provide goods or services to The Inn, including: Alliant Food Services in Eagan, Jay En of Duluth in Duluth, Retail

Data Systems in Plymouth, Lyntex in St. Paul, and Superior Products in Roseville. The Inn expects that its expenditures with these Minnesota-based businesses will increase annually.

self and residents of the state, the defendant "purposefully avails" itself of the protections of the law, as required to support the exercise of personal jurisdiction under the Due Process Clause. *First Heartland Sur. & Cas. Ins. Co. v. Meyer,* 468 N.W.2d 563, 565 (Minn.App.1991).

The nature and quality of The Inn's contacts with Minnesota support the exercise of personal jurisdiction.

### 3. Nexus Between the Cause of Action and the Contacts

 Next, we consider the relationship between The Inn's contacts with Minnesota and the cause of action. Marshall argues that specific jurisdiction exists because The Inn's contacts with Minnesota gave rise to his cause of action for negligence. In support of his argument, Marshall contends that he first learned about The Inn in a magazine directed at Minnesota readers. Marshall also argues that the rental agreement between The Inn and the Streitzes resulted from The Inn's contacts with the Streitzes in Minnesota. Finally, Marshall argues that after he was injured, The Inn contacted him in Minnesota and asked him to complete a customer-injury report form, which he completed in Minnesota and mailed back to The Inn. Marshall contends that each of these contacts has a direct nexus with the lawsuit, and, therefore, Minnesota courts have specific jurisdiction over The Inn.

 Marshall's argument is flawed in two ways. First, advertising contacts can justify the exercise of specific jurisdiction but only where unlawful or misleading advertisements are the basis of the plaintiff's claims. *See Granite Gate Resorts,* 568 N.W.2d at 720. And entering into a contract with a Minnesota resident can justify the exercise of specific jurisdiction but only where the dispute involves the contract. *See, e.g., Domtar, Inc. v. Niagara Fire Ins. Co.,* 533 N.W.2d 25, 31 (Minn. 1995). Here, Marshall's claim of negligence has its basis neither in The Inn's

Minnesota advertisements nor in its rental agreement with the Streitzes.

Second, The Inn's contacts with Marshall in Minnesota following his injury did not give rise to his cause of action. The events on which Marshall bases his cause of action preceded those contacts. Therefore, there is no nexus between the cause of action and The Inn's contacts with Minnesota that would support the exercise of specific jurisdiction over The Inn by Minnesota courts.

### 4. Minnesota's Interest in Providing a Forum and the Convenience of the Parties

The last two factors are less significant. *Dent–Air, Inc.,* 332 N.W.2d at 907. Minnesota has a strong interest in providing a forum for its citizens to address tortious conduct. *See V.H. v. Estate of Birnbaum,* 543 N.W.2d 649, 658 (Minn. 1996). Because Marshall sued The Inn for negligence, Minnesota has a strong interest in providing a forum.

Finally, convenience of the parties must be considered. Both Marshall and the Streitzes live in Minnesota. The Streitzes live in Duluth where the case is venued. Additionally, Hartzell, The Inn's owner, is a Minnesota resident. Because employees of The Inn regularly take trips to Duluth on behalf of The Inn, travel to Duluth to appear in court should not be inconvenient for representatives of The Inn.

Because Minnesota has an interest in providing a forum and because appearing in Minnesota is not inconvenient for the parties, these factors favor the exercise of personal jurisdiction over The Inn.

 Application of the *Vikse* five-factor test leads us to the conclusion that The Inn's contacts with Minnesota support the exercise of general jurisdiction by this state's courts. A defendant's contacts with the forum state that are unrelated to the cause of action can satisfy the due-process requirements for the exercise of personal jurisdiction if they constitute the kind of

continuous and systematic general business contacts that indicate the defendant has generally subjected itself to jurisdiction in this state. *See TRWL Fin. Establishment v. Select Int'l, Inc.,* 527 N.W.2d 573, 576 (Minn.App.1995) (stating that contacts sufficient to satisfy due process are sufficient to satisfy the requirements of the long-arm statute). Here, The Inn's contacts with Minnesota include solicitation of business through advertisements in Minnesota publications and telephone calls and mail to residents of Minnesota who rent from The Inn. The Inn also contracts with residents of Minnesota who own property on Madeline Island, purchases goods and services in Minnesota, and sends employees to attend meetings and training in Minnesota. Therefore, we conclude that the district court may properly exercise personal jurisdiction over The Inn.

## DECISION

The district court did not err in denying The Inn's motion to dismiss for lack of personal jurisdiction.

**Affirmed.**