OAKRIDGE HOLDINGS,
INC., Respondent,

v.

Leon BRUKMAN, a/k/a Lee Brukman,
et al., Appellants.

No. C0-94-2132.

Court of Appeals of Minnesota.

March 14, 1995.

Review Denied May 16, 1995.

Edward T. Wahl, Timothy M. Kenny, Oppenheimer, Wolff & Donnelly, Minneapolis, for respondent Oakridge Holdings, Inc.

J. Kevin McVay, Bloomington, for appellants Leon Brukman, a/k/a Lee Brukman, et al.

Considered and decided by DAVIES, P.J., and RANDALL and KLAPHAKE, JJ.

## OPINION

DAVIES, Judge.

Nonresident directors of Minnesota corporation appeal denial of their motion to dismiss for lack of personal jurisdiction, arguing

that they had insufficient contacts with Minnesota. We affirm.

## FACTS

Respondent Oakridge Holdings, Inc. (Oakridge), is incorporated in Minnesota. Oakridge alleges that many of its shareholders reside in Minnesota. Oakridge's primary business is the operation—through a wholly owned subsidiary—of two cemeteries in Illinois. Oakridge's corporate headquarters was, first, in Arizona and then, after November 1991, in California.

Appellants Leon Brukman, Erich Kuntze, and John Savarese are former directors and officers of Oakridge. Kuntze alleges that he and Brukman became directors in February 1990 and officers in November 1991 and that Savarese became a director in November 1991. Brukman and Savarese reside in California; Kuntze resides in Arizona. The shareholders removed appellants as directors in September 1992.

In April 1994, Oakridge filed suit against all three appellants, alleging breach of fiduciary duty and gross negligence while serving or purporting to serve as corporate officers and directors. (Oakridge also alleges fraudulent misrepresentation and ultra vires acts by Kuntze and Brukman.) Oakridge alleges that appellants, in exchange for assets of dubious value, encumbered corporate property. Oakridge also alleges that appellants obtained a loan from a corporation of which Brukman was chairman, and that Kuntze and Brukman then used those funds to induce two other directors of Oakridge to resign. Oakridge contends that appellants' actions were for their own gain and detrimental to the corporation.

The district court denied appellants' motion to dismiss for lack of personal jurisdiction in Minnesota. This appeal followed.

## ISSUE

Did the district court err in denying the motion to dismiss for lack of personal jurisdiction?

## ANALYSIS

"An order denying a motion to dismiss for lack of personal jurisdiction is appealable as of right." *Stanek v. A.P.I., Inc.,* 474 N.W.2d 829, 831 (Minn.App.1991), *pet. for rev. denied* (Minn. Oct. 31, 1991), *cert. denied,* 503 U.S. 977, 112 S.Ct. 1603, 118 L.Ed.2d 316 (1992). Upon challenge by the defendant, the plaintiff has the burden of proving a prima facie case supporting jurisdiction. *Hardrives, Inc. v. City of LaCrosse,* 307 Minn. 290, 293, 240 N.W.2d 814, 816 (1976). But the plaintiff's allegations and supporting evidence must be taken as true. *Dent-Air, Inc. v. Beech Mtn. Air Serv.,* 332 N.W.2d 904, 907 n. 1 (Minn.1983).

Personal jurisdiction is proper only if the long-arm statute extends jurisdiction and due process is satisfied. *Marquette Nat'l Bank v. Norris,* 270 N.W.2d 290, 294 (Minn. 1978). We are only concerned with due process, however, because the legislature intended the long-arm statute to have the "maximum extraterritorial effect allowed" under the Constitution. *Rostad v. On–Deck, Inc.,* 372 N.W.2d 717, 719 (Minn.1985), *cert. denied,* 474 U.S. 1006, 106 S.Ct. 528, 88 L.Ed.2d 460 (1985). In short, the long-arm statute is satisfied if due process is. *Valspar Corp. v. Lukken Color Corp.,* 495 N.W.2d 408, 411 (Minn.1992). Due process is a question of federal law. *Stanek,* 474 N.W.2d at 832.

Due process requires the defendant to have minimum contacts with the forum that satisfy "traditional notions of fair play and substantial justice." *International Shoe v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Minimum contacts are measured by whether the defendant "purposefully avail[ed]" itself of the forum's jurisdiction. *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958). A nonresident defendant must reasonably anticipate being haled into the forum. *World–Wide Volkswagen v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

Minnesota analyzes the minimum contacts issue under a five-factor test: (1) quantity of the contacts, (2) nature and quality of

the contacts, (3) the contacts' connection or relationship with the cause of action, (4) Minnesota's interest in providing a forum, and (5) convenience of the parties. *Hardrives*, 307 Minn. at 294, 240 N.W.2d at 817. The first three are primary; the last two secondary. *Id.* But the five-factor test is

> just another way of asking whether the defendant has established enough contacts with Minnesota to justify being sued here and whether those contacts were established on purpose in order to conduct business in this state.

*Real Properties, Inc. v. Mission Ins.*, 427 N.W.2d 665, 668 (Minn.1988). Ultimately, determining personal jurisdiction is "more an art than a science." *Donatelli v. National Hockey League*, 893 F.2d 459, 468 n. 7 (1st Cir.1990). And "in a close case, doubts should be resolved in favor of retention of jurisdiction." *Valspar*, 495 N.W.2d at 412.

■ Unlike the usual case, in which a resident sues a foreign corporation, here a Minnesota corporation is suing its own non-resident corporate directors. We believe that the determinative factor is that appellants voluntarily became officers and directors of a Minnesota corporation. Accordingly, they cannot argue that they could not reasonably anticipate defending an action in Minnesota by their Minnesota corporation asserting acts harmful to the corporation. *See Pittsburgh Terminal Corp. v. Mid Allegheny Corp.*, 831 F.2d 522, 527–28 (4th Cir. 1987) (upholding jurisdiction over nonresident directors who had participated in decisions underlying forum corporation's complaint).

We also note that Brukman and Kuntze had repeatedly communicated by telephone and facsimile machine with Oakridge's Minnesota counsel and auditor. The fact that transactions were accomplished entirely by phone, mail, or facsimile—rather than in person—is insignificant if the defendants purposefully availed themselves of the "privilege of conducting activities within the forum state." *Trident Enters. Int'l v. Kemp & George, Inc.*, 502 N.W.2d 411, 415 (Minn.App. 1993); *see Marquette*, 270 N.W.2d at 295 (lack of physical presence in course of transaction accomplished solely by mail and phone is inconsequential).

■ If a defendant's contacts are continuous and systematic, a state may exercise general jurisdiction and the particular cause of action need not be related to those contacts. *Valspar*, 495 N.W.2d at 411. The defendant is deemed subject to jurisdiction for any cause of action. *Id.*

■ But if a defendant's contacts are not continuous and systematic, a state may only exercise specific jurisdiction and the cause of action must "arise out of" or "relate to" those contacts. *Id.; see Ticketmaster–N.Y., Inc. v. Alioto*, 26 F.3d 201, 206–07 (1st Cir.1994) (for specific jurisdiction, case must arise out of or be related to forum contacts). Here, because appellants' contacts were not continuous and systematic, we must determine whether the causes of action arise out of or relate to the contacts.

Oakridge alleges that appellants engaged in (1) fraudulent misrepresentation, (2) ultra vires acts, (3) breach of fiduciary duty, and (4) gross negligence. Strictly speaking, these causes of action do not "arise out of" appellants' facsimile and telephone communications with Oakridge's counsel and auditor. Rather, Oakridge's claims arise more directly out of appellants' financial transactions underlying the causes of action. But appellants' communications are "related to" the causes of action.[1]

---

1. With regard to the secondary factors—Minnesota's interest and convenience to the parties—Minnesota plainly has an interest in providing a forum for its injured residents, corporations, and its shareholders. *Marquette*, 270 N.W.2d at 295. But the convenience factor "is rarely dispositive." *Id.* Jurisdiction should be declined if "improper on forum non conveniens grounds." *Hardrives*, 307 Minn. at 299–300, 240 N.W.2d at 819. But jurisdiction should not be denied if the inconvenience is not extensive. *Trident*, 502 N.W.2d at 416.

Here, while it might be somewhat inconvenient for appellants to defend in Minnesota, it would be equally difficult for other individuals to have the case litigated elsewhere. Thus, we are unable to identify a "more convenient" or "most convenient" forum: the parties and witnesses are spread out over at least three states. *Cf. Ellwein v. Sun–Rise, Inc.*, 295 Minn. 109, 111–12, 203 N.W.2d 403, 406 (1972) (upholding juris-

Appellants also argue that the "fiduciary shield" doctrine bars exercise of jurisdiction by Minnesota. Under this doctrine, corporate officers and directors are not subject to personal jurisdiction merely by virtue of actions they took *on behalf of* the corporation. *Marine Midland Bank v. Miller*, 664 F.2d 899, 902 (2d Cir.1981). Minnesota has thus far neither expressly adopted nor expressly rejected the doctrine.

We need not decide whether to recognize the doctrine, however, because the doctrine should not apply here in any event. The doctrine is an equitable principle. *Id.* at 903. The propriety of its application depends on the facts of each case and

> fairness is the ultimate test. Its applicability depends generally on the *employee's faithful pursuit of the corporation's interests rather than his own interests.*

*Id.* (emphasis added).

Oakridge's lawsuit is based on allegations that its former directors violated their fiduciary duties to the corporation. Jurisdictionally shielding appellants would leave no means for Oakridge to pursue in its home state its directors and officers for actions those individuals allegedly took to the detriment of the corporation. The doctrine does not apply.

## DECISION

The district court did not err in denying the directors' motion to dismiss for lack of personal jurisdiction.

**Affirmed.**

diction over Minnesota corporation and its nonresident directors in shareholders' derivative action where no other single state could exercise jurisdiction over all defendants).